## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

March 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARK E. SEXTON,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0719**  (BOR Appeal No. 2045033)
(Claim No. 2001029323)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**C. C. COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Mark E. Sexton, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Gary Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2011, in which the Board reversed an August 26, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 3, 2010, decision denying Mr. Sexton's request for a repeat lumbar spine MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sexton injured his lumbar spine on November 11, 2000, when he fell off a truck. He is requesting authorization for a repeat lumbar spine MRI amid continued complaints of pain. The record indicates that Mr. Sexton has undergone numerous lumbar spine MRIs following the injury. A November 17, 2000, lumbar spine MRI and a February 14, 2002, lumbar spine MRI revealed an L5-S1 nerve root impingement. A February 5, 2009, lumbar spine MRI again revealed an L5-S1 nerve root impingement, and also revealed mild encroachment at L4-L5 and mild disc bulging at L3-L4. In 2010 Mr. Sexton's treating physician, Dr. McNeel, began requesting another lumbar spine MRI to rule out spinal stenosis.

In its Order reversing the May 3, 2010, decision of the claims administrator, the Office of Judges held that the evidence of record demonstrates that a repeat lumbar spine MRI is medically necessary and reasonably required treatment in relation to the compensable injury. The Board of Review found that the evidence of record fails to establish that Mr. Sexton's condition has changed in the interval following his most recent MRI.

In its Order, the Office of Judges noted that Dr. McNeel's request for a repeat lumbar spine MRI is supported by the evidence of record. The Office of Judges found that Dr. McNeel's opinion that Mr. Sexton requires another lumbar spine MRI is persuasive. We agree with the reasoning and conclusions of the Office of Judges. Therefore, Mr. Sexton is entitled to authorization for a repeat lumbar spine MRI.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with instructions to authorize a repeat lumbar spine MRI.

Reversed and remanded.

**ISSUED:    March 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2